UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ALEX JONES, KEN JONES and JO ANNE JONES,<br><br>Plaintiff(s),<br><br>vs.<br><br>ST. PAUL FIRE & MARINE INSURANCE COMPANY, d/b/a TRAVELERS, WASHINGTON RURAL COUNTIES INSURANCE PROGRAM and CANFIELD & ASSOCIATES,<br><br>Defendant(s). | No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C.§1441(a)** |

**TO:**      **Clerk of the Court;**

**TO:**      **Plaintiffs;**

**AND TO:**  **George M. Ahrend, Plaintiffs' Attorney**

Please Take Notice that Defendant St. Paul Fire & Marine Insurance Company (hereinafter "St. Paul") hereby removes to this Court the state-court action described below.

ST. PAUL'S NOTICE
OF REMOVAL – 1
C:\Users\ateretchenko\Desktop\Jones Removal Final\Notice of Removal\150403 Notice of Removal - approved.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

## I. THE SUBJECT ACTION

1. On March 12, 2015, Plaintiffs Alex Jones, Ken Jones and Jo Anne Jones began an action in the Superior Court of Washington for King County against St. Paul Fire & Marine Insurance Company, Washington Rural Counties Insurance Program and Canfield & Associates, which was assigned case number 15-2-06105-4 SEA (the "State Court Action"). A true and correct copy of the Complaint filed in the State Court Action is attached as **Exhibit A** to this Notice.

2. The State Court Action is an insurance coverage dispute arising out of the settlement of an underlying lawsuit between Plaintiffs and Douglas Anderson and Kirsten Anderson (the "Andersons"). Plaintiffs commenced that lawsuit (the "Underlying Action") on March 5, 2012, as a state court proceeding, Chelan County Superior Court cause number 12-2-00250-3, and the case was subsequently removed to the Eastern District of Washington, cause numbers 2:12-cv-00188-EFS and 2:12-cv-00188-SAB.

3. In the Underlying Action, Plaintiffs sued Mr. Anderson for legal malpractice based on Mr. Anderson's actions and inactions in representing Alex Jones in a 2004 criminal matter. *See* **Exhibit 1** to the Declaration of Thomas Lether ("Lether Decl."). At that time, Mr. Anderson was under contract with the municipality of Grant County to provide public defense legal services (the "Contract"). The Contract stated that Mr. Anderson was an independent contractor and required that he obtain his own insurance and name Grant County as an additional insured. *See* **Exhibit 2** to Lether Decl. At that time, Grant County was insured under an insurance policy issued by St. Paul to the Washington Rural Counties Insurance Pool ("WRCIP") under policy number GP 06301885 (the "Policy"). *See* **Exhibit 3** to Lether Decl.

ST. PAUL'S NOTICE
OF REMOVAL – 2
C:\Users\ateretchenko\Desktop\Jones Removal Final\Notice of Removal\150403 Notice of Removal - approved.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

Mr. Anderson was not a named insured under the Policy and did not otherwise qualify as an insured under the Policy. *Id*.

4. On March 11, 2015, the Andersons entered into a Settlement Agreement with Plaintiffs wherein the Andersons consented to allow Plaintiffs take a $3,000,000 consent judgment against them. *See* **Exhibit 4** to Lether Decl. The Andersons assigned to Plaintiffs any potential causes of action the Andersons may have held against the Andersons' alleged insurers in exchange for Plaintiffs' covenant not to execute on the judgment. In relevant part, the assignment language in the Settlement Agreement states:

> The Andersons assign all interests, rights, claims, causes of-action and choses [sic] in action against WRCIP, Travelers [St. Paul] and other insurers providing coverage or potential coverage for the Lawsuit (Assigned Claims).

*See* **Exhibit 4** to Lether Decl.

5. After entering into the Settlement Agreement, Plaintiffs did not seek a determination of the settlement's reasonableness as is required under RCW 4.22.060. Rather, Plaintiffs and Andersons stipulated to the dismissal of the Underlying Action, and Plaintiffs commenced the State Court Action against St. Paul as assignees of the Andersons' purported rights.

6. For the purposes of avoiding federal jurisdiction, Plaintiffs named two Washington entities as defendants. WRCIP and Canfield & Associates ("Canfield") were named despite the fact that neither operates as an insurer in Washington and neither had any contract with the Andersons nor any independent duty to the Andersons.

7. Upon information and belief, WRCIP is a property and liability risk and insurance pooling program which provides access to insurance for several rural Washington counties. While WRCIP does provide "self-insurance" to its members, it does not transfer risk and its

ST. PAUL'S NOTICE
OF REMOVAL – 3
C:\Users\ateretchenko\Desktop\Jones Removal Final\Notice of Removal\150403 Notice of Removal - approved.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

1  "self-insurance" program does not constitute "insurance" as defined by Washington law (as further discussed below).

3  8. Upon information and belief, Canfield is a third party administrator that contracts with WRCIP to carry out day-to-day administrative, claims and risk management services. Canfield does not provide insurance nor had it at any time relevant to this matter.

## II. DIVERSITY OF CITIZENSHIP

9. There is complete diversity of citizenship in the State Court Action despite Plaintiffs' fraudulent joinder of Canfield and WRCIP.

10. As stated in the Complaint, Plaintiffs allege that they are citizens of the State of Washington and reside in Grant County, Washington.

11. St. Paul is a foreign insurance company organized under the laws of the State of Connecticut with a principal place of business in the State of Connecticut.

12. In the Complaint, WRCIP is alleged to be a domestic nonprofit corporation, providing property and liability risk and insurance pooling for Washington counties. Despite this allegation, WRCIP was fraudulently joined by Plaintiffs for the sole purpose of defeating federal jurisdiction. Accordingly WRCIP's residency/place of business should be disregarded for diversity purposes.

13. In the Complaint, Canfield is alleged to be a domestic limited liability partnership, conducting business in the State of Washington. Despite this allegation, Canfield was fraudulently joined by Plaintiffs for the sole purpose of defeating federal jurisdiction. Accordingly, Canfield's residency/place of business should be disregarded for diversity purposes.

OF REMOVAL – 4
C:\Users\ateretchenko\Desktop\Jones Removal Final\Notice of Removal\150403 Notice of Removal - approved.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

**A. Legal Standard for Establishing Fraudulent Joinder for Purposes of Removal Jurisdiction.**

14. Ninth Circuit law governing fraudulent joinder is clear.  When it is obvious, according to the well settled rules of the state, that a plaintiff has stated no cause of action against a resident defendant, the residence of the fraudulently joined parties is disregarded for determining whether the parties are diverse for removal purposes. *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003); *Ritchey v. Upjohn Drug Co.* 139 F. 3d 1313 (9th Cir. 1998); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). The term "fraudulent joinder" is a term of art, and does not imply actual fraud on the part of Plaintiff. *McCabe,* 811 F.2d at 1339. In determining fraudulent joinder, the Court considers summary judgment type evidence and is not limited to the allegations of the Complaint. *Morris v. Princess Cruises, Inc.,* 236 F.3d 106, 1068 (9th Cir. 2001); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

**B. Plaintiffs Fail to State Any Legally or Factually Viable Claim Against Canfield and WRCIP.**

15. Plaintiffs fail to state in their Complaint any viable causes of action against Canfield or WRCIP, and have fraudulently joined these entities as parties merely to avoid federal jurisdiction.

16. The Complaint recites the following causes of action against Canfield and WRCIP, but fails to allege any factual basis for any of them: negligence, breach of fiduciary duty, breach of contract, bad faith, and violation of the Consumer Protection Act.

ST. PAUL'S NOTICE
OF REMOVAL – 5
C:\Users\ateretchenko\Desktop\Jones Removal Final\Notice of Removal\150403 Notice of Removal - approved.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

17. There is no legal or factual basis for any of these causes of action against Canfield or WRCIP. These parties have been fraudulently joined for the improper purpose of defeating federal jurisdiction. Accordingly, the residency of Canfield and WRCIP should be disregarded for determining whether the parties are diverse for removal purposes.

### i. The Complaint Fails to State a Viable Cause of Action for Bad Faith Against Canfield and WRCIP Because Neither are "Insurers."

18. An insurer is under a duty of good faith to all of its policyholders and the tort of bad faith may be asserted by an insured against their insurer if there is a breach of that duty. *See Smith v. Safeco Ins. Co.*, 150 Wn.2d 478, 485, 78 P.3d 1274 (2003).

19. To allege a bad faith claim, the policyholder must show that the insurer's breach of the insurance contract was unreasonable, frivolous, or unfounded. *American States Insurance Co. v. Symes of Silverdale, Inc.*, 150 Wn.2d 462, 469 – 70, 78 P.3d 1266 (2003).

20. Plaintiffs' bad faith claim against Canfield and WRCIP has no basis in law or fact because Canfield and WRCIP are not "insurers" as that term is defined in Washington. Further, neither Canfield and WRCIP entered into an insurance contract with either Plaintiffs or the Andersons.

21. Pursuant to Washington law, "insurance" is statutorily defined as being a "contract whereby one undertakes to indemnify another or pay a specified amount upon determinable contingencies." RCW 48.01.040.

22. An "insurer" is defined as being "every person engaged in the business of making contracts of insurance[.]" RCW 48.01.050.

23. Significantly, local government entities that form a pooling arrangement for the purposes of jointly self-insuring do not qualify as "insurers": "Two or more local governmental entities, under any provision of law, that join together and organize to form an organization for

ST. PAUL'S NOTICE
OF REMOVAL – 6
C:\Users\ateretchenko\Desktop\Jones Removal Final\Notice of Removal\150403 Notice of Removal - approved.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

1   the purpose of self-insuring or self-funding are not an 'insurer' under this code."
2   RCW 48.01.050.

3   24. Local government entities that self-insure through a pooling arrangement are formed
4   under a separate statute, RCW 48.62.036(1), which states: "A nonprofit corporation may form
5   or join a self-insurance risk pool with one or more nonprofit corporations or with a local
6   government entity or entities for property and liability risks."

7   25. Washington law is clear that self-insurance is not insurance: "Washington courts have
8   rejected the argument that self-insurance constitutes 'insurance.'" *Bordeaux, Inc. v. Am. Safety*
9   *Ins. Co.*, 145 Wn. App. 687, 695, 186 P.3d 1188 (2008) (citing *Stamp v. Dep't of Labor &*
10  *Indus.*, 122 Wn.2d 536, 542-44, 859 P.2d 597 (1993)) (also citing *Kyrkos v. State Farm Mut.*
11  *Auto. Ins. Co.*, 121 Wn.2d 669, 674, 852 P.2d 1078 (1993)).

12  26. Washington courts have explained that "self-insurance" is not "insurance" because
13  "traditional insurance involves risk shifting, while self-insurance involves risk retention."
14  *Bordeaux, Inc. v. Am. Safety Ins. Co.*, 145 Wn. App. at 696.  Further:

> Self-insurance does not constitute insurance in any traditional form. In self-insurance the company, governmental entity or individual chooses not to purchase insurance but rather retains the risk of loss. In order to protect against losses, the self-insured will often set aside funds on a regular basis to provide its own pool from which losses will be paid. This can be analogized to the situation where a party purchasing traditional insurance pays premiums to the insurer on a regular basis. However, in a self-insurance situation there is no shifting of the risk from the individual person or company to a larger group.

20  *Id.* at 696.

21  27. Upon information and belief, neither WRCIP nor Canfield are "insurers" in Washington
22  and have not issued "insurance" to Plaintiffs or the Andersons.  There is no reasonable basis in

ST. PAUL'S NOTICE
OF REMOVAL – 7
C:\Users\ateretchenko\Desktop\Jones Removal Final\Notice of Removal\150403 Notice of Removal - approved.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

law or fact that either could plausibly be liable for bad faith.  Plaintiffs have failed to state a viable claim against these defendants.

28. Further, Plaintiffs do not even have standing to sue Canfield on behalf of the Andersons.  The Settlement Agreement executed between Plaintiffs and the Andersons, which is the sole basis upon which Plaintiffs could claim standing in this matter, does not assign to Plaintiffs any conceivable causes of action the Andersons may have against Canfield.  Specifically, the assignment language in the Settlement Agreement states:

> The Andersons assign all interests, rights, claims, causes of-action and choses [sic] in action against WRCIP, Travelers [St. Paul] **and other insurers** providing coverage or potential coverage for the Lawsuit (Assigned Claims).

*See* **Exhibit 4** to Lether Decl. (emphasis added).

29. Canfield is not an insurer, and no facts exist to support a contention that they are.

30. Plaintiffs have made no allegation that Canfield is an insurer, Canfield is not an insurer, and there is no reasonable basis for a finding that Canfield could even be held liable for violating Washington insurance law. Canfield is not a proper party to this suit.

31. Plaintiffs fraudulently joined Canfield and WRCIP merely in an attempt to destroy diversity.  As such, their residency should be ignored for purposes of determining diversity.

    ***ii.    The Complaint Fails to State a Viable Cause of Action for Breach of Contract Against Canfield and WRCIP.***

32. To plead a breach of contract claim, a complaint must allege the existence of a contract that imposes a duty which is breached, and that the breach proximately causes damage to the claimant. *See Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 78 Wn. App. 707, 712, 899 P.2d 6 (1995).

ST. PAUL'S NOTICE OF REMOVAL – 8
C:\Users\ateretchenko\Desktop\Jones Removal Final\Notice of Removal\150403 Notice of Removal - approved.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

33. The Complaint fails to identify any contract entered into between Plaintiffs (or the Andersons) and either Canfield or WRCIP. No facts exist to support any contention that Canfield or WRCIP entered into any contract with Plaintiffs or the Andersons.

34. There is no plausible basis for a finding that Canfield or WRCIP could be found liable to the Jonese for breaching a contract since no such contract exists.

35. Under Washington Civil Rule 8(a), a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for judgment for the relief to which he deems himself entitled." Pleadings are intended "to give notice to the court and the opponent of the general nature of the claim asserted." *Lightner v. Balow*, 59 Wn.2d 856, 858, 370 P.2d 982 (1962).  A complaint is insufficient if it does not give the defendant "fair notice of what the claim is and the ground upon which it rests." *Williams v. W. Sur. Co.*, 6 Wn. App. 300, 305, 492 P.2d 596 (1972).

36. The Complaint alleges:

> WRCIP implicitly and/or expressly agreed and/or undertook to provide other services for the benefit of the Andersons with respect to the claims alleged in the Lawsuit.

*See* **Exhibit A** attached hereto to this Notice.

37. This vague allegation does not give fair notice of Plaintiffs' attempted breach of contract claim and should be disregarded.

38. Plaintiffs have failed to state a cause of action for breach of contract against Canfield and WRCIP.  Canfield and WRCIP have been fraudulently joined in this suit merely as an attempt to destroy diversity.  As such, their residency should be ignored for the purposes of determining diversity.

ST. PAUL'S NOTICE OF REMOVAL – 9
C:\Users\ateretchenko\Desktop\Jones Removal Final\Notice of Removal\150403 Notice of Removal - approved.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

   iii. ***The Complaint Fails to State a Viable Cause of Action for Violation of Washington's Consumer Protection Act ("CPA") Against Canfield and WRCIP.***

39. To sufficiently plead a claim for violation of the CPA, the plaintiff must allege sufficient facts to provide notice of (1) an unfair or deceptive act or practice (2) occurring in trade or commerce (3) with a public interest impact (4) that proximately causes (5) injury to a plaintiff in his or her business or property. *See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784, 719 P.2d 531 (1986).

40. The Complaint fails to allege any facts supporting any of these elements including but not limited to alleging an unfair or deceptive act or practice. No facts even exist to support the contention that Canfield or WRCIP engaged in any deceptive act or practice, much less that any such acts or omissions satisfy the remaining *Hangman Ridge* elements.

41. There is no plausible basis for a finding that Canfield or WRCIP could be found liable to the Jonese for violating the CPA. Plaintiffs have failed to state a CPA claim and, as such, their residency should be ignored for the purposes of determining diversity.

   iv. ***The Complaint Fails to State a Viable Cause of Action for Negligence Against Canfield and WRCIP.***

42. To sufficiently plead a claim for negligence under Washington law, a plaintiff's complaint must allege facts that would warrant a finding that the defendant has committed an unintentional breach of a legal duty it owed to the plaintiff, and that such breach was a proximate cause of the plaintiff's harm. *McLeod v. Grant County Sch. Dist. No. 128*, 42 Wn.2d 316, 318, 255 P.2d 360 (1953).

43. The Complaint fails to identify any duty owed by either Canfield or WRCIP to Plaintiffs or the Andersons. Nor could it since no facts exist to support the contention that Canfield or WRCIP owed a duty to Plaintiffs or the Andersons.

ST. PAUL'S NOTICE OF REMOVAL – 10
C:\Users\ateretchenko\Desktop\Jones Removal Final\Notice of Removal\150403 Notice of Removal - approved.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

44. There is no plausible basis for a finding that Canfield or WRCIP could ever be liable to the Jonese for negligence because Plaintiffs have made no allegation that Canfield or WRCIP owed them a duty of care nor are there any facts to suggest that such a duty was ever owed by Canfield or WRCIP.

45. The Complaint alleges that Defendants "aided and abetted each other's wrongful conduct." But there is no recognizable civil claim for "aiding and abetting" in Washington.

46. Plaintiffs have failed to state a cause of action for negligence against Canfield and WRCIP. Canfield and WRCIP have been fraudulently joined in this suit merely as an attempt to destroy diversity. As such, their residency should be ignored for the purposes of determining diversity.

> ***v.   The Complaint Fails to State a Viable Cause of Action for Breach of a Fiduciary Duty Against Canfield and WRCIP.***

47. To plead a claim for breach of a fiduciary duty, the plaintiff must allege (1) the existence of a duty owed by the fiduciary to the plaintiff, (2) breach of that duty, (3) resulting injury, and (4) that the claimed breach proximately caused the injury. *See Miller v. U.S. Bank of Wash.*, 72 Wn. App. 416, 426, 865 P.2d 536 (1994).

48. Nowhere in the Complaint is there a factual allegation that Canfield or WRCIP were fiduciaries of either Plaintiffs or the Andersons.

49. At no time did Canfield or WRCIP act as fiduciaries for Plaintiffs or the Andersons. There simply are no facts to support such a contention.

50. Because there is no plausible basis for a finding that Canfield or WRCIP acted as fiduciaries for Plaintiffs or the Andersons or that they breached any such purported duty, Plaintiffs' failure to state a cause of action for breach of a fiduciary duty is obvious on its face.

ST. PAUL'S NOTICE
OF REMOVAL – 11
C:\Users\ateretchenko\Desktop\Jones Removal Final\Notice of Removal\150403 Notice of Removal - approved.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

51. The residency of Canfield and WRCIP should be disregarded for the purposes of determining diversity.

### III. AMOUNT IN CONTROVERSY

52. The amount in controversy exceeds the jurisdictional minimum of $75,000 as required by 28 U.S.C. § 1332.

53. In their Complaint, Plaintiffs do not state a specific amount of damages being sought. However, pursuant to Local Rule 101(a), St. Paul has a good faith basis for believing that the amount of damages sought by Plaintiffs is in excess of $75,000.

54. The jurisdictional minimum may be satisfied by claims of general and specific damages, by attorney's fees, and by punitive damages. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 946 (9th Cir. 2001); *Galt v. Scandinavia*, 142 F.3d 1150, 1155 – 56 (9th Cir. 1998).

55. In their Complaint, Plaintiffs state they are seeking a "[m]oney judgment for compensatory, treble and/or punitive damages … [and] [a]ttorney fees and costs[.]" *See* **Exhibit A** attached hereto to this Notice.

56. Further, the amount of a consent judgment "is the presumptive measure of an insured's harm caused by an insurer's tortious bad faith if the [consent] judgment is [deemed] reasonable" at a reasonableness hearing conducted pursuant to RCW 4.22.060. *Besel v. Viking Ins. Co. of Wis.*, 146 Wn.2d 730, 738, 49 P.3d 887 (2002).

57. The Settlement Agreement entered into by Plaintiffs and the Andersons is for the amount of $3,000,000.00. No court has yet determined whether this amount is reasonable. However, this is the amount in controversy in this matter.

ST. PAUL'S NOTICE
OF REMOVAL – 12
C:\Users\ateretchenko\Desktop\Jones Removal Final\Notice of Removal\150403 Notice of Removal - approved.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

58. Based on the foregoing, the amount in controversy in this matter is in excess of the $75,000 jurisdictional limitation.

## IV. JURISDICTION

59. For purposes of determining jurisdiction under 28 U.S.C. §1332, the residencies of Canfield and WRCIP should be disregarded.

60. All remaining parties are citizens of different states. For purposes of diversity, St. Paul is a citizen of the State of Connecticut. Plaintiffs are citizens of the State of Washington.

61. The amount in controversy exceeds $75,000, excluding interests and costs.

62. This Court, therefore, has jurisdiction over this controversy under 28 U.S.C. §1332 and 28 U.S.C. §1441.

## V. TIMELINESS

63. Plaintiffs filed the Complaint on March 12, 2015. This Notice of Removal, filed on April 3, 2015, is timely under 28 U.S.C. §1446.

## VI. INTRADISTRICT ASSIGNMENT

64. In accordance with LCR 101(e), the intradistrict assignment of this case to the United Stated District Court for the Western District of Washington is governed by LCR 3(d). LCR 3(d) states in pertinent part:

> . . .Cases removed from state court will be initially assigned to the Seattle Division or Tacoma Division according to the county where the action is pending.

65. Based upon the filing of the state court action in King County, the appropriate assignment upon removal is to the Seattle Division.

ST. PAUL'S NOTICE
OF REMOVAL – 13
C:\Users\ateretchenko\Desktop\Jones Removal Final\Notice of Removal\150403 Notice of Removal - approved.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

# VII. COPIES OF PROCESS, PLEADINGS, ORDERS, AND MOTIONS IN STATE COURT PROCEEDINGS

66. In accordance with 28 U.S.C. §1446, attached to this notice as Exhibits A through E are true and correct copies of the following documents filed in the State Court Action:

      A.    Summons;

      B.    Complaint;

      C.    Case Assignment Designation Sheet;

      D.    Order Setting Civil Case Schedule;

      E.    Notice of Appearance for St. Paul.

67. The above-referenced pleadings are true and correct copies of all the records and proceedings in the State Court Action.

68. Notice of this removal will be filed with the Clerk of the King County Superior Court and will be given to all other parties, in accordance with 28 U.S.C. §1446.

DATED this 3rd day of April, 2015.

LETHER & ASSOCIATES, PLLC

*/s/ Thomas Lether*
Thomas Lether, WSBA #18089
Eric Neal, WSBA # 31863
Kyle Silk-Eglit WSBA #43177
1848 Westlake Avenue N, Suite 100
Seattle, WA 98109
P: (206) 467-5444/F: (206) 467-5544
tlether@letherlaw.com
eneal@letherlaw.com
ksilkeglit@letherlaw.com
*Attorneys for Defendant St. Paul Fire & Marine Insurance Company*

ST. PAUL'S NOTICE OF REMOVAL – 14
C:\Users\ateretchenko\Desktop\Jones Removal Final\Notice of Removal\150403 Notice of Removal - approved.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies under the penalty of perjury under the laws of the State of Washington that on this date I caused to be served in the manner noted below a true and correct copy of the foregoing on the parties mentioned below as indicated:

George M. Ahrend
AHREND LAW FIRM PLLC
16 Basin St. SW
Ephrata, WA 98823
T: (509) 764-9000
F: (509) 464-6290
gahrend@ahrendlaw.com
*Attorney for Plaintiffs*

**By:**     [X] **First Class Mail**     [X] **E-mail**     [ ] **Legal Messenger**

Dated this 3rd day of April, 2015, at Seattle, Washington.

/s/ Andrei V. Teretchenko
Andrei V. Teretchenko, Paralegal

ST. PAUL'S NOTICE OF REMOVAL – 15
C:\Users\ateretchenko\Desktop\Jones Removal Final\Notice of Removal\150403 Notice of Removal - approved.docx

LETHER & ASSOCIATES PLLC.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544