UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALEX JONES, et al., | CASE NO. 15-531 MJP |
| Plaintiffs, | ORDER DENYING PLAINTIFFS' MOTION FOR REMAND AND ATTORNEY'S FEES AND COSTS |
| v. | |
| ST. PAUL FIRE & MARINE INSURANCE COMPANY, d/b/a TRAVELERS, et al., | |
| Defendants. | |

THIS MATTER comes before the Court on Plaintiffs' Motion for Remand and for Attorney's Fees and Costs. (Dkt. No. 15.) Having reviewed the Parties' briefing and all related papers, the Court DENIES the motion.

**Background**

This case involves claims arising from the allegedly improper denial of insurance coverage for legal malpractice liability. The attorney, Douglas Anderson, an independent contractor working for Grant County, Washington, provided public-defense-style representation to indigent juvenile defendants. (Dkt. No. 16-4.) Unhappy with Mr. Anderson's representation,

a client and his parents—the Plaintiffs in this case—sued Grant County and Mr. Anderson. (Dkt. No 19 at 8-9.)

Grant County is a member of the Washington Rural Counties Insurance Program ("WRCIP"), under RCW 39.34 and 48.62, which allows Washington counties to pool resources to purchase insurance, self-insure, and share administrative costs. (Dkt. No. 19 at 2-4.) WRCIP purchased a public entity management liability insurance policy from St. Paul Fire & Marine Insurance Company, now doing business as Travelers ("Travelers"). (Id. at 6.) After receiving Plaintiffs' claim notice, WRCIP, through its third-party administrator Canfield & Associates ("Canfield"), notified Travelers. (Id. at 8.) Travelers evaluated coverage for Grant County and Mr. Anderson and issued a reservation of rights letter stating that Mr. Anderson was not covered because the policy did not cover independent contractors. (Dkt. Nos. 19 at 8, 16-9 at 1.)

Plaintiffs settled their case against Mr. Anderson, and as part of the settlement Mr. Anderson assigned his "rights against WRCIP, Travelers and other insurers" to Plaintiffs. (Dkt. No. 15 at 6.) Standing in Mr. Anderson's shoes, Plaintiffs brought this case in King County Superior Court. (Id.)

Travelers removed the case to federal court, arguing that WRCIP and Canfield, the two Washington defendants, were fraudulently joined because Plaintiffs fail to state a claim against them and the failure is obvious according to the settled rules of Washington State. (Dkt. No. 1 at 4-5.) Plaintiffs move for remand, arguing that Travelers has not met the standard required to prove fraudulent joinder. (Dkt. No. 15 at 7.)

**Discussion**

I.   Legal Standard

"A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction. 28 U.S.C. § 1441. However, [i]t is to be presumed that a

1  cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing

2  the contrary rests upon the party asserting jurisdiction. The strong presumption against removal

3  jurisdiction means that the defendant always has the burden of establishing that removal is

4  proper, and that the court resolves all ambiguity in favor of remand to state court." Hunter v.

5  Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (internal quotation marks and citations

6  omitted).

7        Although a defendant may remove an action to federal court only where there is complete

8  diversity of citizenship, 28 U.S.C. §§ 1332(a), 1441(b), "one exception to the requirement for

9  complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" Morris v.

10 Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). Fraudulent joinder "is a term of

11 art." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). Joinder of a non-

12 diverse defendant is fraudulent, and the defendant's presence in the lawsuit is ignored for

13 diversity purposes, "[i]f the plaintiff fails to state a cause of action against a resident defendant,

14 and the failure is obvious according to the settled rules of the state." Id. The defendant "is

15 entitled to present the facts showing the joinder to be fraudulent." Id. See also Morris, 236 F.3d

16 at 1068.

17       "Fraudulent joinder must be proven by clear and convincing evidence." Hamilton

18 Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007). "[T]here is a general

19 presumption against fraudulent joinder." Id.

20       II.      Status As Insured

21       Resolution of Plaintiffs' Motion for Remand turns on whether the Travelers insurance

22 policy covered Mr. Anderson because Plaintiffs' causes of action require coverage. Plaintiffs

23 argue that Mr. Anderson was covered because, though he was an independent contractor and not

24 an employee, he should be considered an "appointed official." (Dkt. No. 15 at 5.) Plaintiffs

argue that "appointed officials," covered under the policy, should include "public defenders and administrators of public defense." (Id.) In support of their position, Plaintiffs point to Grant County documents and state statutes referring generally to public defense. (Id.) Defendant disagrees, arguing that Mr. Anderson was an independent contractor, not an appointed official, and the policy does not otherwise cover him. (Dkt. No. 19 at 12.)

The Travelers policy covers "amounts any protected person is legally required to pay as damages," and defines "protected person" to include, among others, WRCIP and its member counties, the "elected or appointed officials" of WRCIP and its member counties, and the "employees" of WRCIP and its member counties. (Dkt. No. 16-6 at 2, 5.) The policy defines "employee" to exclude independent contractors, but does not define "elected or appointed official." (Id. at 5.) Under the "volunteer worker" subsection of the "Who is Protected Under This Agreement" section, the policy differentiates between independent contractors and appointed officials, stating "'volunteer worker' means any person who performs duties related to the conduct of your operations, other than an employee, any of your elected or appointed officials…or any independent contractors." (Dkt. No. 16-6 at 6.)

The Court finds that Mr. Anderson was not an appointed official of Grant County and therefore was not covered under the Travelers policy. The policy excludes independent contractors from coverage and differentiates between independent contractors and appointed officials, and Plaintiffs fail to explain why Mr. Anderson should otherwise be considered an "appointed official." Furthermore, there is good reason to conclude that Grant County (and, by extension, WRCIP) specifically did not insure Mr. Anderson: Mr. Anderson's contract with Grant County required him to maintain private malpractice insurance, to name the county as a co-insured, and to indemnify, defend, and hold harmless Grant County (as well as Grant

County's "appointed officers") against negligence liability and other costs. (Dkt. No. 16-4 at 15-16.) The Court concludes Mr. Anderson was not an appointed official and was not insured under the Travelers policy.

Plaintiffs' causes of action against WRCIP and Canfield depend on WRCIP providing insurance for Mr. Anderson under the Travelers policy. Because the Court finds that the Travelers policy did not cover him, neither WRCIP nor Canfield provided insurance for Mr. Anderson. Thus, Plaintiffs fail to state a claim against either Washington defendant and the failure is obvious according to the settled rules of Washington. However, as discussed below, even if the policy did cover Mr. Anderson, Plaintiffs still fail to state a claim against either Washington defendant, and the failure is obvious according to the settled rules of Washington.

III.     Plaintiffs' Causes of Action

    A.     Breach of Contract

Plaintiffs argue that, as an appointed official, Mr. Anderson was an intended third-party beneficiary of the insurance contract between Travelers and WRCIP. (Dkt. No. 15 at 10.) Plaintiffs argue WRCIP breached the contract by "wrongly deny[ing] coverage, defense, and indemnity under the contract" and by "not pay[ing] any of the self-insured retention…for the benefit of [Mr.] Anderson." (Dkt. Nos. 15 at 11, 23 at 2.)

Under Washington law, for a third party to sue for breach of contract, "both contracting parties must intend that a third party beneficiary contract be created." Rajagopalan v. NoteWorld, LLC, 718 F.3d 844, 847 (9th Cir. 2013).

Mr. Anderson was not an appointed official, and Plaintiffs have provided no other reason to believe that either Travelers or WRCIP intended Mr. Anderson to be a beneficiary of the contract. Therefore, the Court finds that Mr. Anderson was not a third-party beneficiary.
ORDER DENYING PLAINTIFFS' MOTION FOR
REMAND AND ATTORNEY'S FEES AND
COSTS- 5

Additionally, assuming Mr. Anderson was an appointed official and a third-party beneficiary, Plaintiffs have not identified a provision of the contract WRCIP breached. The contract included a self-insured retention provision requiring WRCIP to pay up to $50,000 for each "wrongful act." (Dkt. Nos. 16-5 at 1, 16-7 at 2.) For claims over the $50,000 retention, the contract required WRCIP to pay the retention amount, (Dkt. No. 16-7 at 2-3), which it did. (Dkt. No. 21 at 2-3.) Nothing in the contract obligated WRCIP to pay the retention in any particular way. The contract required Travelers to provide coverage, not WRCIP; if there was a breach of contract by denying coverage, it was by Travelers.

B.     Breach of Fiduciary Duty

Plaintiffs claim the WRCIP agreement created a fiduciary trust, with Mr. Anderson as a beneficiary, and WRCIP breached its duty by "denying coverage, indemnity and defense for Mr. Anderson." (Dkt. No. 15 at 11-13.)

A fiduciary relationship arises in Washington when "one party occupies such a relation to the other party as to <u>justify</u> the latter in expecting that his interests will be cared for." <u>Liebergesell v. Evans</u>, 93 Wn.2d 881, 889-90 (1980) (citation omitted) (emphasis added).

The Court need not reach whether the WRCIP agreement created a trust because Plaintiffs cannot prevail on a breach of fiduciary duty claim. Mr. Anderson's contract with Grant County required him to maintain his own insurance and to indemnify the County. (Dkt. No. 16-4 at 15-16.) Because the contract gave Mr. Anderson duties towards Grant County and not the other way around, and because WRCIP's bylaws prevent it from making any coverage, indemnity, or defense decisions regarding claims over the self-insured retention limit, (Dkt. No. 16-20 at 11), Mr. Anderson could not justifiably expect WRCIP was caring for his interests.

ORDER DENYING PLAINTIFFS' MOTION FOR
REMAND AND ATTORNEY'S FEES AND
COSTS- 6

      C.      Negligence, Bad Faith, Quasi-Fiduciary Duty, Consumer Protection Act

Plaintiffs assert four causes of action relying on WRCIP's status as an insurer. Washington statutorily excludes governmental risk-pooling organizations like WRCIP from being considered insurers. RCW 48.01.050. Washington courts also hold that generally "'self-insurance' provisions are not insurance." Bordeaux, Inc. v. Am. Safety Ins. Co., 145 Wn. App. 687, 694 (2008).

The Court concludes WRCIP and Canfield are not insurers under Washington law and owed Mr. Anderson no duties as insurers. Even if WRCIP owed duties as an insurer, Plaintiffs have not demonstrated how WRCIP breached those duties. Plaintiffs allege WRCIP breached by "improperly denying coverage, indemnity, and defense" for Mr. Anderson. (Dkt. No. 1-3 at 3.) WRCIP's bylaws prevent it from making coverage determinations when a claim could exceed the self-insured retention limit. (Dkt. No. 16-20 at 11.) The Travelers policy required WRCIP to report the claim to Travelers and pay the self-insured retention, (Dkt. No. 16-7 at 2-3), both of which it did. (Dkt. No. 21 at 2-3.) Any bad faith, negligence, breaches of quasi-fiduciary insurance duty, or violations of the Consumer Protection Act in determining coverage were by Travelers, not WRCIP or Canfield.

      D.      Concerted Action

Plaintiffs argue that WRCIP and Canfield acted in concert with Travelers to wrongfully deny coverage, indemnity, and defense for Mr. Anderson. (Dkt. No. 15 at 16.)

Under Washington law, "a person who knowingly assists another in the commission of a tort, or who knowingly assists another in violating his fiduciary or trust obligation, is liable for losses proximately caused thereby." LaHue v. Keystone Inv. Co., 6 Wn. App. 765, 783 (1972).

Even if Plaintiffs could show that Travelers committed a tort or violated a fiduciary duty, the record does not support allegations that WRCIP, Canfield, and Travelers acted in concert or that WRCIP and Canfield knowingly assisted Travelers. WRCIP and Canfield referred the claim to Travelers and paid the self-insured retention. (Dkt. No. 21 at 2-3.) Travelers made all coverage, indemnity, and defense decisions. (Id. at 2.) Plaintiffs do not allege any facts supporting a finding that WRCIP or Canfield knew or should have known Travelers would deny the claim.

## Conclusion

Because Plaintiffs fail to state a claim against either Washington Defendant and that failure is obvious according to the settled rules of the state, diversity is not defeated and Plaintiffs' Motion for Remand is hereby DENIED. Attorney's fees and costs are DENIED. The clerk is ORDERED to terminate Washington Rural Counties Insurance Program and Canfield & Associates from this case, and to provide copies of this order to all counsel.

Dated this 24th day of July.

Marsha J. Pechman
Chief United States District Judge

ORDER DENYING PLAINTIFFS' MOTION FOR
REMAND AND ATTORNEY'S FEES AND
COSTS- 8