1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10 ALEX JONES, et al.,                    CASE NO. C15-531 MJP

11              Plaintiffs,               ORDER DENYING PLAINTIFFS'
                                          MOTION FOR PARTIAL
12       v.                               SUMMARY JUDGMENT

13 ST. PAUL FIRE & MARINE
   INSURANCE COMPANY,
14
                Defendant.
15

16

17       THIS MATTER comes before the Court on Plaintiffs' Motion for Partial Summary

Judgment.  (Dkt. No. 30.)  Having considered the Parties' briefing and the related record, the
18
Court DENIES the motion.
19
         The Court first notes that because Plaintiffs' motion asks the Court to revisit its
20
conclusion that attorney Douglas Anderson was not covered as an appointed official under the
21
insurance policy at issue—the conclusion that formed the basis for the Court's fraudulent joinder
22
finding—Plaintiffs' motion is perhaps more accurately considered an untimely motion for
23

24

1  reconsideration.  (See Dkt. No. 27.)  Nevertheless, the Court addresses Plaintiffs' motion on the

2  merits.

3        Plaintiffs move for summary judgment that attorney Douglas Anderson was an appointed

4  official of Grant County and thus was covered under the insurance policy at issue in this case.

5  (Dkt. No. 30 at 1.)  Plaintiffs argue that the phrase "appointed official" is not defined in the

6  policy and that under the ordinary meaning of the phrase, Mr. Anderson should be considered an

7  appointed official.  (Id. at 2-4, 8-15.)  In support of their position, Plaintiffs cite to various county

8  documents and provisions of Washington law that refer generally to the public defense.  (Id.)

9        The insurance policy covers "amounts any protected person is legally required to pay as

10  damages," and defines "protected person" to include, among others, WRCIP and its member

11  counties, the "elected or appointed officials" of WRCIP and its member counties, and the

12  "employees" of WRCIP and its member counties.  (Dkt. No. 16-6 at 2, 5.)  The policy defines

13  "employee" to exclude independent contractors, but does not define "elected or appointed

14  official."  (Id. at 5.)  Under the "volunteer worker" subsection of the "Who is Protected Under

15  This Agreement" section, the policy differentiates between independent contractors and

16  appointed officials, stating "'volunteer worker' means any person who performs duties related to

17  the conduct of your operations, other than an employee, any of your elected or appointed

18  officials…or any independent contractors."  (Dkt. No. 16-6 at 6.)

19        As this Court has already determined, (Dkt. No. 27), Mr. Anderson was an independent

20  contractor and not an appointed official, and therefore was not covered under the policy:

21        The policy excludes independent contractors from coverage and differentiates
        between independent contractors and appointed officials, and Plaintiffs fail to
        explain why Mr. Anderson should otherwise be considered an "appointed
22        official."  Furthermore, there is good reason to conclude that Grant County (and,
        by extension, WRCIP) specifically did not insure Mr. Anderson:  Mr. Anderson's
23        contract with Grant County required him to maintain private malpractice

24

insurance, to name the county as a co-insured, and to indemnify, defend, and hold harmless Grant County (as well as Grant County's "appointed officers") against negligence liability and other costs.  (Dkt. No. 16-4 at 15-16.)

(Dkt. No. 27 at 4-5.)

The Court again concludes that Mr. Anderson was not an appointed official, and thus was not covered under the policy.  Plaintiffs' Motion for Partial Summary Judgment (Dkt. No. 30) is DENIED.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 16th day of September, 2015.

Marsha J. Pechman
Chief United States District Judge